## THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK

*v.*

## WILLIAM GODDARD and others.

1. A sheriff's sale made by virtue of process issuing out of this court, may be set aside on petition, and without bill, even after the sale has been carried into effect by the delivery of a deed.

Mutual Life Insurance Co. v. Goddard.

2. A person whose property has been sold at judicial sale, to his injury, may always, if he applies promptly, and is without fault, have the sale set aside upon showing that he was prevented from attending the sale by fraud, mistake or accident.

3. A sale made in violation of a promise to adjourn to a future day will be set aside.

On application to set aside a sheriff's sale, heard on petition, answer and depositions.

*Mr. William P. Miller,* for petitioners.

*Mr. Richard W. Parker,* for complainants.

THE VICE-CHANCELLOR.

This is an application to set aside a sale of mortgaged premises made by virtue of process issued out of this court. The complainants were the purchasers, and have received a deed for the lands. The parties claiming to be aggrieved apply for relief by petition. This mode of procedure is challenged by the complainants, who say that after a sale, made in execution of the process of this court, has been carried into effect by the execution of a deed, the power of the court is exhausted, and the transaction so completely ended that it cannot be successfully impugned except by an original suit, regularly brought in the ordinary way. This objection cannot prevail. It was very fully considered by Chancellor Williamson in *Campbell* v. *Gardner, 3 Stock. 423,* and held to be untenable; and since then the practice sanctioned by that adjudication has been so frequently approved by all of his successors that it must now be considered to be firmly established.

The petitioners claim relief on the ground that they were prevented from attending the sale, and also from taking such other steps as were necessary for the protection of their interests, by the promise of the complainants that the sale should not be made on the day on which it was made, but should be adjourned to a future day. There can be no doubt that a person whose property has been sold at judicial sale, to his injury, may always, if

Mutual Life Insurance Co. *v.* Goddard.

he applies promptly, and is without fault, have the sale set aside upon showing that he was prevented from attending the sale by fraud, mistake or accident. This rule is so familiar that it need not be vouched for by the citation of authorities. Chancellor Williamson, in the case just cited, held that the party aggrieved in such case, in order to entitle himself to relief, need not show that he had been misled by a person connected with the sale, but if it appeared that he had been misadvised by a stranger, to whom he had applied for information, sufficient ground might exist for invalidating the sale.

The facts upon which this application rests are undisputed. The sale was made August 31st, 1880. Some days prior to that date, the solicitor of the complainants promised the solicitor who was then acting for the petitioners, that the sale should be adjourned from August 31st to September 7th, 1880, and, immediately after making this promise, he directed one of his clerks, in the presence of the solicitor of the petitioners, to see that the sale was adjourned. The arrangement made by the solicitors provided for further adjournments, conditional on the payment of certain sums of money, but the promise to adjourn from August 31st to September 7th was unconditional—that was to be made in any event. The petitioners were at once informed that the sale would be adjourned, and neither they nor their solicitor attended at the place of sale on the 31st of August. The person directed to attend to the adjournment of the sale did not have it adjourned ; so far as appears, he did not speak to the sheriff on the subject. The solicitor of the complainants did not attend the sale, nor was he at his office on the day of the sale. An agent of the complainants, who has charge of their real estate in this state, called at the office of their solicitor on the day of the sale, and shortly before it took place, and being there informed that no arrangement for a further adjournment had been made, he proceeded to the place of sale and directed the sheriff to sell. A sale was made, and this agent bid off the property for the complainants at a sum representing less than one-half of its value. The deed made to the complainants bears date on the day of sale, and it appears that the complainants took posses-

Mutual Life Insurance Co. *v.* Goddard.

sion of a part of the property on the same day, and have since then received its rents.

In view of these facts, it is obvious the court cannot allow this sale to stand. It was made in violation of a promise which the petitioners had a right to believe would be kept. Their conduct shows that they did believe it would be kept. It may be that its violation was accidental, but the violation is none the less harmful on that account, and its force, as a ground for equitable relief, is not at all weakened by that fact. Stated plainly, the complainants occupy this position : they have acquired title to the petitioners' property at a sale made under the authority of this court, by a breach of faith, and now seek to keep it, with the sanction of this court. That cannot be done.

But the complainants deny that they were bound to keep faith with the petitioners, because they say the promise of their solicitor was obtained by fraud. It may be that a person who procures a promise to adjourn a sale by intentional falsehood or deceit, will not be entitled to ask relief in equity against a sale made in violation of such promise. But no such fraud is proved in this case. Shortly before the promise to adjourn was made, one of the petitioners applied to the person under whose direction the sale was made, at the complainants' office in New York, for an adjournment, and was there told that unless $300 was paid the sale would take place on the day for which it was then appointed. The petitioner at once said he could not pay that sum ; he was asked how much he could pay, and he replied that he had $100 with him, and could probably raise $50 more. At this point in the conversation, the petitioner says, he was directed to make his application to the solicitor. He says he did so as soon as he could find the solicitor at his office, and was told by him that he would enter into no arrangement respecting an adjournment until he had first communicated with his clients. The petitioner then directed his solicitor to negotiate an adjournment. The petitioner admits that he did not tell the complainants' solicitor that he had been told, at the complainants' office in New York, when he first applied there, that unless $300 was paid the sale must proceed. His failure to do so is the fraud

which the complainants say justified them in breaking their promise. This omission does not, in my judgment, furnish the slightest evidence of fraud. It is not pretended that the petitioner was expressly directed by the complainants to carry any information to their solicitor, or that he was directed to say to him that an adjournment should only be granted on certain terms. He was simply directed to apply to him for an adjournment. But even if he had been expressly directed to inform the solicitor that an adjournment should only be granted in case a condition was complied with, I think he was absolved from all duty to act as the medium of communication, if it be true, as he says it is—and his statement on this point is uncontradicted—that when he told the solicitor he had been directed by the complainants to apply to him for an adjournment, the solicitor at once said that he would enter into no arrangement with him until he had first communicated with his clients. The petitioner was justified in understanding, from this remark, that no communication he made would be credited as true until it was first verified by the complainants. Silence under such circumstances was not fraud. If the solicitor did as he said he would, it must be assumed that he had full information as to the terms on which his clients were willing to grant an adjournment, before he promised that the sale should be adjourned. In my opinion the evidence does not raise the least suspicion of fraud.

The sale must be set aside, with costs.