NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0507-15T1

U.S. BANK NATIONAL
ASSOCIATION as Trustee
for CSAB 2006-4,

 Plaintiff-Respondent,

v.

ANSELMO FERREIRA,

 Defendant-Appellant.

_____________________________

 Submitted February 1, 2017 – Decided August 3, 2017

 Before Judges Carroll and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Essex County,
 Docket No. F-28576-09.

 Anselmo Ferreira, appellant pro se.

 Reed Smith, LLP, attorneys for respondent
 (Henry F. Reichner, on the brief).

PER CURIAM

 In this residential foreclosure action, defendant Anselmo

Ferreira appeals from the August 21, 2015 Chancery Division order
denying his motion to vacate a sheriff's sale pursuant to Rule

4:65-5. We affirm.

 The essential facts are largely undisputed and easily

summarized. On September 13, 2006, defendant executed a note and

non-purchase money mortgage in favor of Mortgage Electronic

Registration Systems, Inc. (MERS), as nominee for U.S. Mortgage

Corporation of New Jersey, its successors and assigns, in the sum

of $412,000 encumbering residential property located on Delancy

Street in Newark. On May 26, 2009, MERS assigned the mortgage to

plaintiff, U.S. Bank National Association, as Trustee for CSAB

2006-4.

 Defendant admits that he defaulted on his mortgage loan in

2009. Plaintiff initiated foreclosure proceedings on May 29,

2009, by filing a foreclosure complaint, and default judgment was

entered on October 26, 2010. Defendant admitted that beginning

in 2010, he submitted multiple loan modification applications to

plaintiff's servicer, all of which were denied. A final judgment

was entered on February 18, 2014.1 In March 2014, defendant

1
 The delay was apparently occasioned by the necessity for
plaintiff to comply with the New Jersey Fair Foreclosure Act's
requirement that a Notice of Intention to Foreclose set forth the
name and address of the lender, N.J.S.A. 2A:50-56, as prescribed
in U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449 (2012).

 2 A-0507-15T1
tendered a settlement offer to plaintiff in the amount of $240,000,

which was rejected.

 Between June 2014 and March 2015, sheriff's sales were

scheduled and adjourned eight times by plaintiff to allow loss

mitigation review of defendant's additional loan modification

application. On November 28, 2014, defendant's June 2, 2014 loan

modification application was denied. On December 9, 2014,

defendant filed a formal appeal from the November 28, 2014 denial,

which was also denied. Ultimately, on March 3, 2015, a Sheriff's

sale was conducted and plaintiff was the successful bidder.

 On May 4, 2015, defendant filed a motion to vacate the

Sheriff's sale. Defendant argued that he was not notified before

the sale that his appeal of the denial of his latest loan

modification application had been denied. According to defendant,

plaintiff thereby violated rules and regulations promulgated by

the Consumer Financial Protection Bureau (CFPB) pursuant to the

Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§2601-

2617. Defendant asserts that the CFPB rules impose a stay on any

sale before he is notified of a final decision on his appeal.

 In denying the motion, the trial court first determined that

the motion was untimely because the sale occurred on March 3,

2015, and defendant's motion was filed two months later on May 4,

2015. Referencing Rule 4:65-5, the court noted that the motion

 3 A-0507-15T1
should have been filed ten days after the sale or before delivery

of the conveyance.

 The court also addressed defendant's claim substantively and,

relying on Guillaume, supra, determined that defendant's multiple

applications for modification did not halt the foreclosure

process, particularly in the absence of any evidence of bad faith

on the part of plaintiff in reviewing defendant's applications

while repeatedly postponing the sale to accommodate such review.

The court found no "factual or legal basis" to vacate the sale,

noting that "[t]here's nothing remotely addressing an issue of

fraud, accident, surprise, mistake or irregularity[.]" 2 In

addition, the court pointed out that the mortgage had been in

default for six years with "no demonstration [by defendant] of an

ability to redeem[.]" The court entered a memorializing order on

August 21, 2015, and this appeal followed.

 On appeal, defendant argues that "[his] home should have

never been sold while the loan modification application was still

in process." Defendant asserts that by proceeding to sheriff's

sale while his loan modification appeal was pending, plaintiff

2
 The court also rejected defendant's challenge to plaintiff's
standing, finding that plaintiff's receipt of the assignment prior
to the filing of the complaint conferred standing. See Deutsche
Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App.
Div. 2012).

 4 A-0507-15T1
violated equitable principles and the RESPA servicing rules

promulgated by the CFPB.

 "[F]oreclosure proceedings seek primary or principal relief

which is equitable in nature[.]" U.S. v. Scurry, 193 N.J. 492,

502 (2008). "[A]n application to open, vacate or otherwise set

aside a foreclosure judgment or proceedings subsequent thereto is

subject to an abuse of discretion standard." Ibid. (citing

Wiktorowicz v. Stesko, 134 N.J. Eq. 383, 386 (E. & A. 1944)).

Accordingly, a trial judge's application or denial of equitable

remedies should not be disturbed "unless it can be shown that the

trial court palpably abused its discretion, that is, that its

finding was so wide off the mark that a manifest denial of justice

resulted." Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999)

(citing State v. Thompson, 59 N.J. 396 (1971)).

 A motion to vacate a sheriff's sale is governed by Rule 4:65-

5, which states that any objection to the sale must be served

within the ten days following the sale or before delivery of the

deed, whichever is later. "Examples of valid grounds for objection

include fraud, accident, surprise, irregularity, or impropriety

in the sheriff's sale." Brookshire Equities v. Montaquiza, 346

N.J. Super. 310, 317 (App. Div.) (citing Orange Land Co. v. Bender,

96 N.J. Super. 158, 164 (App. Div. 1967)), certif. denied, 172

N.J. 179 (2002).

 5 A-0507-15T1
 Under Rule 4:65-5, the trial court retains discretion to set

aside a sale if the defendant alleges a valid "independent ground

for equitable relief." Crane v. Bielski, 15 N.J. 342, 346 (1954)

(citing Karel v. Davis, 122 N.J. Eq. 526 (E. & A. 1937)). "Quite

independent of statute or rule of court, the Court of Chancery has

inherent power to order a sale of mortgaged premises and to control

its process directed to that end, and this inherent power of the

court has never been doubted." Id. at 346 (citing Fed. Title &

Mortg. Guarantee Co. v. Lowenstein, 113 N.J. Eq. 200 (Ch. 1933)).

 "[O]ur courts will set aside a sheriff's sale for fraud,

accident, surprise, or mistake, irregularities in the conduct of

the sale, or for other equitable considerations[.]" First Trust

Nat. Ass'n v. Merola, 319 N.J. Super. 44, 50 (App. Div. 1999)

(citing Karel, supra, 122 N.J. Eq. at 528). Therefore, a valid

objection alleging one of these equitable bases will not be barred

by the timing restriction of Rule 4:65-5, Union Cnty. Sav. Bank

v. Johnson, 210 N.J. Super. 589, 598 (Ch. Div. 1986) (citing Mutual

Life Ins. Co. v. Goddard, 33 N.J. Eq. 482 (Ch. 1881)), or by the

doctrine of laches, id. at 600. However, despite the court's

broad discretion to employ equitable remedies, this power should

be "sparingly exercised" and "a sale so conducted shall be vacated

only when necessary to correct a plain injustice." First Trust,

 6 A-0507-15T1
supra, 319 N.J. Super. at 52 (quoting Karel, supra, 122 N.J. Eq.

at 529).

 Applying these principles, we discern no abuse of discretion

in the court's denial of defendant's motion and no "plain

injustice" in need of correction. Defendant argues that plaintiff

violated CFPB rules and regulations promulgated pursuant to RESPA

by conducting the sale while his loan modification appeal was

pending. Despite plaintiff's assertion to the contrary, defendant

insists that he was never notified that his appeal was denied. We

reject defendant's contention.

 RESPA was enacted by Congress to protect consumers from

abusive practices in the real estate settlement process. 12 U.S.C.

§2601(a). The CFPB was authorized to prescribe rules and

regulations in furtherance of RESPA's goals. 12 U.S.C. §2617(a).

Here, defendant invokes violations of provisions of one such rule.

Under 12 C.F.R. §1024.41(g), "[i]f a borrower submits a complete

loss mitigation application" after the foreclosure process has

begun "but more than [thirty-seven] days before a foreclosure

sale, a servicer shall not . . . conduct a foreclosure sale,

unless:"

 [t]he servicer has sent the borrower a notice
 . . . that the borrower is not eligible for
 any loss mitigation option and the appeal
 process . . . is not applicable, the borrower
 has not requested an appeal within the

 7 A-0507-15T1
 applicable time period for requesting an
 appeal, or the borrower's appeal has been
 denied[.]

 [12 C.F.R. §1024.41(g)(1).]

 Under 12 C.F.R. §1024.41(i),

 [a] servicer must comply with [these
 procedural] requirements . . . for a
 borrower's loss mitigation application,
 unless the servicer has previously complied
 with the requirements . . . for a complete
 loss mitigation application submitted by the
 borrower and the borrower has been delinquent
 at all times since submitting the prior
 complete application.

The CFPB's final rule and official interpretations regarding the

loss mitigation regulations provide relevant insight to the

prohibition against multiple applications:

 The Bureau believes that it is appropriate to
 limit the requirements in §1024.41 to a review
 of a single complete loss mitigation
 application. Specifically, the Bureau
 believes that a limitation on the loss
 mitigation procedures to a single complete
 loss mitigation application provides
 appropriate incentives for borrowers
 to submit all appropriate information in the
 application and allows servicers to dedicate
 resources to reviewing applications most
 capable of succeeding on loss mitigation
 options.

 [Mortgage Servicing Rules Under the Real
 Estate Settlement Procedures Act (Regulation
 X) 78 Fed. Reg. 10696, 10836 (February 14,
 2013).]

 8 A-0507-15T1
Borrowers have a private right of action to enforce the procedural

requirements set forth in 12 C.F.R. § 1024.41. However, violations

of § 1024.41 are enforced under RESPA, 12 U.S.C. § 2605(f)(1)(A),

which authorizes monetary damages only.

 Here, defendant acknowledged that he "submitted multiple

modification applications" since his 2009 default, all of which

were denied. He invokes CFPB rule violations in connection with

his latest loan modification appeal. However, regardless of

whether or not he was notified that his appeal was denied prior

to the sale, the procedural requirements of 12 C.F.R. §1024.41

only apply to a review of a single complete loss mitigation

application. Therefore, defendant's latest application was not

entitled to the protections of 12 C.F.R. §1024.41(g) pursuant to

12 C.F.R. §1024.41(i). Moreover, defendant's sole recourse for a

violation of 12 C.F.R. §1024.41 is monetary damages, not equitable

relief.

 As we have observed elsewhere, "[i]n foreclosure matters,

equity must be applied to plaintiffs as well as defendants."

Angeles, supra, 428 N.J. Super. at 320. This mortgage loan went

into default in 2009, three years after inception. The sheriff's

sale did not occur until six years later. Under these

circumstances, we cannot find that the trial court abused its

discretion in denying defendant's motion, made two months after

 9 A-0507-15T1
the sheriff's sale. See Omer v. Liu, 419 N.J. Super. 431, 437-38

(App. Div.), certif. denied, 208 N.J. 369 (2011).

 Affirmed.

 10 A-0507-15T1