ADAM MASIONIS, complainant-respondent,

*v.*

JENNIE ROMEL et al., defendants-appellants.

[Argued May 19th, 1927.   Decided October 17th, 1927.]

Where an order refusing to open a decree of the court of chancery
is not shown to be an abuse of discretion or the result of mistake
or imposition practiced on the court it is not reviewable in this court,
as the question as to whether or not a decree shall be opened rests
within the discretion of the court making the decree.  This court will
not substitute its discretion for the discretion of the court of chancery.
An appeal taken to review such an order will be dismissed.

On appeal from an order of the court of chancery advised
by Vice-Chancellor Church, whose opinion is reported in *100
N. J. Eq. 138.*

*Mr. William R. Wilson,* for the appellants.

*Messrs. George Matulewich, Richard H. Cashion* and *Max-
well A. Kraemer,* for the respondent.

The opinion of the court was delivered by

KATZENBACH, J.

This is an appeal from an order of the court of chancery
discharging a rule to show cause why the final decree in the
cause should not be opened.  The facts disclosed by the record
are briefly as follows:  On March 1st, 1924, Jennie Romel
and Adolph Romel executed and delivered a bond to Anton
Czuzas conditioned for the payment of $2,000.  The bond
was secured by a mortgage upon real estate.  The bond and
mortgage were assigned by Czuzas to Adam Masionis.  The
bond was not paid when due and Masionis filed a bill to

foreclose the mortgage. The chancellor made an order of reference to a master in chancery to ascertain the amount due. The Romels claimed that they had paid to Czuzas $500 on account of the principal of the bond. The complainant denied this. The master upon this question appears to have taken testimony. In his report (which is not included in the record) the master found in favor of the complainant upon this point and refused to credit the alleged payment of $500.

Exceptions to the master's report were filed in behalf of the Romels by their solicitor (not the solicitor now appearing for them). This solicitor was served with notice that on August 17th, 1926, at Trenton, the exceptions would be heard. The solicitor did not appear. The defendants did not appear. The exceptions were dismissed. A final decree was entered in the suit. A writ of execution was forwarded to the sheriff of Union county. The property was advertised to be sold on October 6th, 1926. The then solicitor for the Romels served a notice upon the complainant's solicitor that he would apply to the chancellor on August 31st, 1926, for an order to take additional testimony. The chancellor denied the application. On September 27th, 1926, the present solicitor for the Romels appeared before a vice-chancellor with additional affidavits to open the decree and take further testimony regarding the alleged payment. He obtained a rule to show cause returnable before the vice-chancellor October 13th, 1926. The sale of the property in the meantime was stayed. The vice-chancellor upon learning that a similar application had been made to the chancellor vacated the rule to show cause, which he had allowed. The Romels then appeared on October 6th, 1926, before the chancellor and obtained from him an order staying the sale and directing the complainant to show cause why the decree should not be set aside. This rule was returnable on October 19th, 1926, before the vice-chancellor who had vacated the former rule. The vice-chancellor heard the matter. He wrote an opinion discharging the rule to show cause. The present appeal is taken from the order based upon this opinion.

If we thought the appeal in this cause was one which this court could properly entertain we would have difficulty in reaching the determination of the question owing to the incompleteness of the record. The testimony taken before the master and upon which his report is based, and the master's findings as embodied in his report, are not in the record. Without these it would be impossible to properly determine the grounds for reversal urged in the appellant's brief.

It is not, however, as we view the case, necessary to make more than a passing reference for the purpose of future guidance to the record as presented, as we feel that the appeal can be properly disposed of on another ground. The application to open the decree was addressed to the discretion of the court. There is nothing which indicates that the discretion of the court was abused or that the order made was the result of mistake or of any imposition practiced on the court. This court will not undertake in such a case to review the order for the purpose of determining whether it shall substitute its discretion for that of the court of chancery. Such an order is not appealable. *Williams* v. *Lowe, 79 N. J. Eq. 173.*

For this reason the appeal in the instant case is dismissed.