In the matter of the estate of ELZIRA A. WHITTIER, deceased.

[Submitted February 16th, 1934. Decided April 12th, 1934.]

*Messrs. Fleming & Potter,* for the appellant.

*Mr. Martin B. Stutsman,* for the respondent.

PER CURIAM.

This is an appeal from an order of the prerogative court, advised by Vice-Ordinary Buchanan, discharging an order to show cause why a final decree of that court, affirming an order of the Middlesex county orphans court admitting a will to probate, should not be set aside.

The will of Elzira A. Whittier was admitted to probate by order of the orphans court on October 9th, 1931. An appeal was taken to the prerogative court, and on September 29th, 1932, a decree of affirmance was entered. No appeal from that decree was taken to this court, but on July 25th, 1933, an order to show cause was allowed by Vice-Ordinary Buchanan why the final decree should not be opened. On September 12th, 1933, Vice-Ordinary Buchanan made an order discharging the order to show cause. This is the order ap-

pealed from, the notice of appeal having been filed November 8th, 1933.

In the first place, the appeal is out of time, the order appealed from being dated September 12th, 1933, and having been filed September 22d, 1933, while the notice of appeal was filed November 8th, 1933, forty-seven days later. There is no statement as to the date of service. All appeals from the prerogative court, except appeals from final decrees, must be taken within forty days. The order is not a final decree.

In the second place, the order is not appealable. In *Masionis* v. *Romel, 101 N. J. Eq. 780,* an order to show cause why a final decree in a foreclosure case should not be opened was discharged. On appeal to this court, Mr. Justice Katzenbach said:

"The application to open the decree was addressed to the discretion of the court. There is nothing which indicates that the discretion of the court was abused or that the order made was the result of mistake or of any imposition practiced on the court. This court will not undertake in such a case to review the order for the purpose of determining whether it shall substitute its discretion for that of the court of chancery. Such an order is not appealable. *Williams* v. *Lowe, 79 N. J. Eq. 173.*"

The state of the case does not disclose any abuse of discretion or fraud practiced on the court below.

The appeal, therefore, will be dismissed.

Notwithstanding the result reached, we have considered the questions raised on the appeal, and conclude that they are without merit.

