The appeal is from an order in the Court of Chancery made June 21st, 1943, dismissing a rule to show cause issued upon the appellant's petition which sought to reopen a final decree in foreclosure to the end that the petitioner might file an answer and counter-claim or otherwise protect her interest as defendant in the foreclosure proceeding.
John Wiktorowicz, the respondent on this appeal, conveyed a real estate property to Adela Stesko, the appellant herein, and John Stesko, her husband. The purchasers took subject to an existing mortgage of $4,000 and executed and delivered a purchase-money mortgage of $500, which was recorded, to Wiktorowicz. Six years later, in 1936, mortgage interest was in arrears, taxes were in arrears from and including 1933 and an unpaid judgment was of record. Mrs. Stesko, then a widow, effected a compromise settlement of the amount due on the first mortgage and obtained the funds for that transaction and for the payment of other liens from a new mortgage given by her to the Home Owners' Loan Corporation; and as an incident thereto Wiktorowicz satisfied his then existing second mortgage and received a new mortgage in the amount of $500 subrogated to the Home Owners' Loan encumbrance. In the spring of 1942, foreclosure proceedings were instituted by Wiktorowicz on his second mortgage and Mrs. Stesko, although duly brought in as a party, filed no answer and made no appearance. The proceedings continued to final decree, sheriff's sale, order confirming sheriff's sale and delivery of deed to Wiktorowicz, the purchaser. An order confirming the sale was made on *Page 385 
October 20th, 1942. An order for possession was entered December 7th, 1942, and a writ of assistance issued December 21st, 1942.
On January 30th, 1943, Mrs. Stesko, then for the first time appearing in court, filed a petition to reopen the final decree in foreclosure and obtained an order to show cause why the prayer of the petition should not be granted and other incidental relief afforded. The matter came on for hearing on affidavits and counter-affidavits. It was Mrs. Stesko's contention, supported by submitted affidavits, that a fraud had been committed upon her; that the original mortgage of $500 had been given to assure the payment of certain bills, which bills were subsequently paid; that Mrs. Stesko had no knowledge concerning the execution of the $500 mortgage made the subject of the foreclosure and that she never received any consideration for the same; that Eugene L. Hart, the attorney and solicitor for Wiktorowicz, was also her attorney; that she first knew of the existence of that mortgage on May 6th, 1942, when she received a letter from Mr. Hart advising her of the existence of the mortgage and stating that he had instructions to institute foreclosure proceedings thereon; that in response thereto she called upon Mr. Hart, then and thereafter regarding him as her attorney, and believed that her interests were being protected by him. The charges contained within the petitioner's proofs, in so far as they set up meritorious grounds for opening the decree, were denied by affidavits submitted in behalf of Wiktorowicz. His affidavit and that of Eugene L. Hart fully and in detail controvert the petitioner's claim in essential matters. The main statements upon which Mrs. Stesko relies in support of her petition can be true only if the countervailing affidavits are false.
An experienced Vice-Chancellor concluded, as we gather from his disposition of the issue, that the truth lay with the respondent. We are not disposed to make a contrary finding of fact on the appeal, particularly as the proceedings in foreclosure appear to be entirely regular. It was said by Mr. Justice Katzenbach, writing the opinion for this court in Masionis v. Romel,101 N.J. Eq. 780, quoted verbatim *Page 386 
in the per curiam opinion of this court in In re Whittier,115 N.J. Eq. 563:
"The application to open the decree was addressed to the discretion of the court. There is nothing which indicates that the discretion of the court was abused or that the order made was the result of mistake or of any imposition practiced on the court. This court will not undertake in such a case to review the order for the purpose of determining whether it shall substitute its discretion for that of the court of Chancery. Such an order is not appealable."
We have studied the proofs with emphasized care because they come to us precisely as they came to Chancery, that is, without the actual production and examination of witnesses. But the character of the proofs which leads us to this painstaking review of the record also reminds us that the petitioner was charged with the burden of proving that which she alleged, namely, a state of fact which in effect laid perjury and fraud against the opposing party, and fraud, inclusive of serious professional misconduct, against the solicitor who conducted the proceeding. She chose to go about her duty in this respect by the method, frequently unconvincing and unsatisfactory, of submitting exparte affidavits which subjected the affiants to no cross-examination and which, although direct in some assertions, were argumentative in others. Without doubt, she knew, both by advance letter and by the served subpoena, that Wiktorowicz claimed to be the owner of a mortgage executed by her upon her property and that he was solemnly and notoriously proceeding to foreclose her interest in the same; and she knew also that Hart was the solicitor of Wiktorowicz and that he was about to, and that later he did, institute and prosecute those foreclosure proceedings. She makes affidavit that she did not realize that she was signing the bond and mortgage to Wiktorowicz in the sum of $500 in January, 1936 (the foreclosed mortgage), but she likewise makes affidavit that she had no knowledge of the earlier $500 mortgage executed by her and her husband at the time they purchased the property and she does not aver that the signatures to any of the documents are not true signatures. It is difficult to harmonize the divergences *Page 387 
of Mrs. Stesko's story with the documented facts. Whatever ignorance of or unfamiliarity with business methods and legal procedure may have dulled her judgment when she was directing her own movements, or, as she would have the court believe, when she was relying upon Hart, the fact is that since a time preceding the filing of her petition to reopen the foreclosure decree she has had the benefit of independent counsel learned in the law. The factual dispute in her suit is to be measured and determined by those rules which courts, called upon to determine truth as between contradictory assertions, have from time immemorial been guided.
It is surprising that the nature of the charges has not caused the respondent to file a brief, and it is particularly surprising that the solicitor of the complainant has not deemed it becoming to appear in response to the allegations laid against him in his professional capacity. Nevertheless we conclude that the appellant has failed to prove her case. That being so, there is nothing upon which it may be said that there was an abuse of discretion below.
Following the course which applies when the record on an application to open discloses no abuse of discretion by the court and no mistake or imposition practiced upon the court, the appeal will be dismissed.
For affirmance — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 14.
 For reversal — None. *Page 388