**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0946-17T3

BANC OF CALIFORNIA,
NATIONAL ASSOCIATION
d/b/a BANC HOME LOANS,

    Plaintiff-Respondent,

v.

RITU MADHOK,

    Defendant-Appellant.

_____

Submitted December 11, 2018 – Decided January 9, 2019

Before Judges Suter and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Middlesex County, Docket No. F-039080-15.

Ritu Madhok, appellant pro se.

Stern & Eisenberg, attorneys for respondent (Christopher M. Camporeale, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Ritu Madhok appeals from the September 15, 2017 Chancery Division order denying her motion to vacate a sheriff's sale. We affirm.

We derive the following facts from the record. On July 25, 2014, defendant executed a promissory note for $213,069 to Banc of California. On the same date, in order to secure payment of the note, defendant executed a purchase money mortgage on her Iselin property to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Banc of California, National Association, doing business as Banc Home Loans. The mortgage was recorded with the Middlesex County Clerk on September 23, 2014. On October 30, 2015, MERS, as nominee for Banc of California, National Association, doing business as Banc Home Loans, assigned the mortgage to Banc of California on October 30, 2015, and the assignment was recorded on December 2, 2015.

On June 1, 2015, defendant failed to pay the monthly installment due on the note and mortgage and has not made any mortgage payments since then. After complying with the Fair Foreclosure Act, N.J.S.A. 2A:50-56, plaintiff filed a complaint for foreclosure against defendant. A timely answer was not filed by defendant, and default was entered on March 4, 2016. Defendant moved to vacate default but was unsuccessful.

A-0946-17T3

On January 4, 2017, a prior judge entered a final judgment of foreclosure by default and a writ of execution. Subsequently, a sheriff's sale, scheduled for April 19, 2017, was canceled and adjourned until June 7, 2017. After exercising her two statutory adjournments, the sheriff's sale was again postponed until July 19, 2017, to provide defendant with an opportunity to submit a complete loss mitigation package by that date, otherwise the sale would go forward as scheduled. Since only a partial, incomplete package was submitted by defendant, the sheriff's sale proceeded on July 19, 2017, and the subject property was sold to Meridian Developers, LLC. More than a month later on August 23, 2017, defendant filed a notice of motion to set aside the sheriff's sale.

Judge Arthur Bergman denied defendant's motion on September 15, 2017.[1] In his oral opinion, the judge determined that: "the . . . regulation requires that any loan modification application be completed in full at least [thirty-seven] days before the sale, which wasn't done."[2] The judge was

---

[1] Defendant did not appear on September 15, 2017 for the motion hearing despite telephonic notification by the judge's chambers and plaintiff's counsel.

[2] The judge was referring to the Consumer Financial Protection Bureau's (CFPB) Guideline, 12 C.F.R. 1024.41(g)(1) which provides:

> [i]f a borrower submits a complete loss mitigation application after a servicer has made the first notice or

unpersuaded by defendant's arguments set forth in her moving papers, that her loss mitigation package was served the day before the sheriff's sale, because the submission was untimely. The judge found no evidence defendant made any payment on July 1, 2017, because defendant submitted only a bank statement with her motion. The court entered a memorializing order on September 15, 2017, and affirmed the sale. This appeal followed.

On appeal defendant argues:

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO VACATE THE SHERIFF'S SALE.

Our standard of review warrants substantial deference to a trial court's determination on a motion to vacate a default or default judgment, which

---

filing required by applicable law for any judicial or non-judicial foreclosure process but more than [thirty-seven] days before a foreclosure sale, a servicer shall not . . . conduct a foreclosure sale, unless:

[t]he servicer has sent the borrower a notice . . . that the borrower is not eligible for any loss mitigation option and the appeal process . . . is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied . . . .

[12 C.F.R. § 1024.41(g)(1).]

4

"should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). On appeal, defendant argues that the judge abused his discretion by denying her motion to vacate the sheriff's sale because plaintiff engaged in "dual tracking."[3]

"[F]oreclosure proceedings seek primary or principal relief which is equitable in nature . . . ." U.S. v. Scurry, 193 N.J. 492, 502 (2008). "[A]n application to open, vacate or otherwise set aside a foreclosure judgment or proceedings subsequent thereto is subject to an abuse of discretion standard." Ibid. (citing Wiktorowicz v. Stesko, 134 N.J. Eq. 383, 386 (E. & A. 1944)). Accordingly, a trial judge's application or denial of equitable remedies should not be disturbed "unless it can be shown that the trial court palpably abused its discretion, that is, that its finding was so wide off the mark that a manifest denial of justice resulted." Green v. N.J. Mfs. Ins. Co., 160 N.J. 480, 492 (1999) (quoting State v. Carter, 91 N.J. 86, 106 (1982)).

A motion to vacate a sheriff's sale is governed by Rule 4:65-5, which states that any objection to the sale must be served "within [ten] days after the

---

[3]  Dual tracking refers to a process where the mortgage lender requests documents and processes a loan modification while simultaneously pursuing foreclosure proceedings. Our Supreme Court has held that practice is lawful in this State. See Guillaume, 209 N.J. at 468-69; see also U.S. Bank Nat. Ass'n v. Curcio, 444 N.J. Super. 94, 113 (App. Div. 2016).

A-0946-17T3

sale or at any time thereafter before the delivery of the conveyance." "Examples of valid grounds for objection include fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale." Brookshire Equities v. Montaquiza, 346 N.J. Super. 310, 317 (App. Div. 2002) (citing Orange Land Co. v. Bender, 96 N.J. Super. 158, 164 (App. Div. 1967)). None of these grounds are applicable here.

Under Rule 4:65-5, the trial court has discretion to set aside a sale if the defendant alleges a valid "independent ground for equitable relief . . . ." Midfirst Bank v. Graves, 399 N.J. Super. 229, 232 (App. Div. 2007) (quoting Crane v. Bielski, 15 N.J. 342, 346 (1954)). "Quite independent of statute or rule of court, the Court of Chancery has inherent power to order a sale of mortgaged premises and to control its process directed to that end, and this inherent power of the court has never been doubted." Crane, 15 N.J. at 346 (citing Fed. Title & Mortg. Guarantee Co. v. Lowenstein, 113 N.J. Eq. 200, 208 (Ch. 1933)). However, despite the court's broad discretion to employ equitable remedies, this power should be "sparingly exercised" and "a sale so conducted shall be vacated only when necessary to correct a plain injustice." First Tr. Nat. Assoc. v. Merola, 319 N.J. Super. 44, 52 (App. Div. 1999) (quoting Karel v. Davis, 122 N.J. Eq. 526, 529 (E. & A. 1937)). "On the motion, the court may summarily dispose of the objection . . . ." R. 4:65-5.

Here, the default was entered on June 1, 2015. Defendant procrastinated until the eve of the sheriff's sale to pursue loss mitigation options, coupled with the submission of an incomplete loss mitigation application. Therefore, defendant cannot invoke the protections of 12 C.F.R. § 1024.41(g) pursuant to 12 C.F.R. § 1024.41(i). Under these circumstances, we cannot find that the trial court abused its discretion in denying defendant's motion, made one month after the sheriff's sale. See Omer v. Liu, 419 N.J. Super. 431, 437 (App. Div. 2011).

The balance of defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0946-17T3