**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5669-18T2

WELLS FARGO BANK, NA,

      Plaintiff-Respondent,

v.

THEODORE J. COLLAS,

      Defendant-Appellant,

and

GREENWOOD TRUST
COMPANY, MRS. COLLAS,
heirs of MRS. COLLAS, and
heirs of THEODRE J. COLLAS,

      Defendants.

_____

91 FALCON RD., LLC,

      Intervenor-Respondent.

_____

Argued September 29, 2020 – Decided December 24, 2020

Before Judges Mayer and Susswein.

On appeal before the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-003708-10.

David Rubenstein argued the cause for appellant.

Henry F. Reichner argued the cause for respondent, Wells Fargo Bank, NA (Reed Smith, LLP, attorneys; Henry F. Reichner, of counsel and on the brief).

Adam S. Kessler argued the cause for respondent, 91 Falcon Rd., LLC (Kessler Law, LLC, attorneys; Adam S. Kessler, on the brief).

PER CURIAM

Defendant in this foreclosure matter, Theodore J. Collas, appeals from a May 22, 2019 order denying his motion to vacate the sheriff's sale of his home, and from a July 16, 2019 order denying reconsideration. Collas contends the sale, should be vacated for lack of proper notice of the sheriff's sale as required by Rule 4:65-2. He also contends the sale violated 12 C.F.R. § 1024.41, which prevents the sale of a foreclosed residence while the mortgage servicer considers the borrower's application for loan modification.[1] After carefully reviewing the record in light of the applicable principles of law and the written submissions and arguments of the parties, we affirm the orders entered by Judge Walter Koprowski, Jr., substantially for the reasons set forth in his oral decision

---

[1] The parties and trial court referred to this regulation as "Title X."

2

A-5669-18T2

denying the motion for reconsideration and the statement of reasons annexed to the May 22 order denying the motion to vacate the sheriff's sale.

We presume the parties are familiar with the procedural history and underlying facts concerning this decade-long litigation. We therefore recount only those circumstances relevant to resolve the issues raised on appeal. Collas acquired the property as the beneficiary of the original borrower, who passed away in May 2008. Collas failed to make the mortgage payment in May 2009 and has not made any payments since. The Chancery Division entered default judgment for plaintiff, Wells Fargo Bank, in March 2010. In October 2016, the court ordered a final judgment of $537,778.73 and a writ of execution was filed authorizing a sheriff's sale. The sale was initially scheduled for February 7, 2017.

Over the next twenty-five months, the sheriff's sale was adjourned eighteen times. During this interval, Collas submitted three loan modification applications to Wells Fargo. The bank denied the first two applications. The bank did not entertain the third application as there was no change in circumstances. On September 27, 2018, Collas made a cash offer of $400,000 for the property. Wells Fargo rejected the offer and made a counteroffer of

A-5669-18T2

$520,000. The deadline for accepting the bank's counteroffer was January 16, 2019. Collas never responded.

On January 25, 2019, Wells Fargo sent Collas notice that the sheriff's sale would occur on March 5, 2019. Wells Fargo obtained an alias writ on January 29, 2019 because the original writ of execution had expired. However, the sheriff was unaware of the alias writ. As a result, on March 5, 2019, the sheriff mistakenly re-scheduled the sale for the following week, to be held on March 12, 2019. No notice for the March 12, 2019 sale date was sent to Collas. The property was purchased on that date by a third party, 91 Falcon Rd LLC[2] for $416,000. Collas filed a motion to vacate the sale within the ten-day redemption period. However, Collas made no attempt to redeem the property. Nor did he certify that he had the assets to do so.[3]

Courts in this State have the authority to set aside a sheriff's sale "for fraud, accident, surprise, or mistake, irregularities in the conduct of the sale, or for other equitable consideration." First Trust Nat. Ass'n v. Merola, 319 N.J.

---

[2] The third-party purchaser, 91 Falcon Rd LLC, is a party to this appeal and urges us to uphold the sale.

[3] Collas notes that the sale price was only $16,000 more than his $400,000 cash offer. He has never certified, however, that he ever had the financial wherewithal to consummate his cash offer.

A-5669-18T2

Super. 44, 50 (App. Div. 1999). The scope of appellate review of a trial court's decision to deny a motion to vacate a sheriff's sale is narrow. It has long been the law of New Jersey that an application to open, vacate, or otherwise set aside a foreclosure judgment or proceedings subsequent thereto is subject to an abuse of discretion standard of review. United States v. Scurry, 193 N.J. 492, 502 (2008) (citing Wiktorowicz v. Stesko, 134 N.J. Eq. 383, 386 (E. & A.1944)).

We first address defendant's contention that Wells Fargo failed to comply with 12 C.F.R. § 1024.41. That federal regulation provides in pertinent part that loan servicers

> must comply with the requirements of this section for a borrower's loss mitigation application, unless the servicer has previously complied with the requirements of this section for a complete loss mitigation application submitted by the borrower and the borrower has been delinquent at all times since submitting the prior complete application.

[12 C.F.R. § 1024.41(i).]

The plain language makes clear Wells Fargo was not required to consider multiple loss mitigation applications. Collas submitted three applications since 2017 and has been delinquent in his payments since 2009. Judge Koprowski correctly ruled that Wells Fargo's obligations under the federal regulation were satisfied when it considered and rejected Collas' first loan modification request. Accordingly, 12 C.F.R. § 1024.41 affords no basis to vacate the sale.

A-5669-18T2

We turn next to Collas' arguments regarding the lack of actual notice of the re-scheduled sale. Wells Fargo does not dispute that formal notice for the March 12, 2019 sale date was not provided in accordance with Rule 4:65-2.[4]

---

[4] Rule 4:65-2 provides:

> If real or personal property is authorized by court order or writ of execution to be sold at public sale, notice of the sale shall be posted in the office of the sheriff of the county or counties where the property is located, and also, in the case of real property, on the premises to be sold, but need not be posted in any other place. If the premises are residential, the notice of sale shall have annexed thereto, in bold type of at least 14-point, the notice of tenants' rights during foreclosure in the form prescribed by Appendix XII-K of the rules of court. The party who obtained the order or writ shall, at least 10 days prior to the date set for sale, serve a notice of sale by registered or certified mail, return receipt requested, upon (1) every party who has appeared in the action giving rise to the order or writ and (2) the owner of record of the property as of the date of commencement of the action whether or not appearing in the action, and (3) except in mortgage foreclosure actions, every other person having an ownership or lien interest that is to be divested by the sale and is recorded in the office of the Superior Court Clerk, the United States District Court Clerk or the county recording officer, and in the case of personal property, recorded or filed in pertinent public records of security interests, provided, however, that the name and address of the person in interest is reasonably ascertainable from the public record in which the interest is noted. The notice of sale shall include notice that there may be surplus money and the

6                                                          A-5669-18T2

Although Wells Fargo accepted responsibility for this deficiency, the failure to serve actual notice was due to the sheriff's error regarding the alias writ of execution. The sheriff unilaterally postponed the sale date by one week. That precluded any possibility that notice of the re-scheduled sale could be provided 10 days prior to the new date.

In New Brunswick Sav. Bank v. Markouski, the Court explained that when there is insufficient notice of a sheriff's sale, "the preferred remedy is that which restores the status quo ante to the greatest extent possible." 123 N.J. 402, 425 (1999). The Court recognized, moreover, "appropriate relief will depend on the circumstances." Id. at 425.

In First Mut. Corp. v. Samojeden, we held that although Rule 4:65-2 is silent on the question of adjournments, it entitles interested parties to actual knowledge of the adjourned date on which the sale is scheduled to occur. 214 N.J. Super. 122, 123 (App. Div. 1986). We cautioned, however, "[w]e do not

---

procedure for claiming it. The party obtaining the order or writ may also file the notice of sale with the county recording officer in the county in which the real estate is situate, pursuant to N.J.S.A. 46:26A-11, and such filing shall have the effect of the notice of settlement as therein provided.

7

intend to suggest that notice of the adjourned sale must in all circumstances necessarily meet the formal requirements imposed by R. 4:65-2." Id. at 128.

We are satisfied that in this instance, the failure to provide formal notice of the adjourned sale date did not deprive Collas the ability to protect his interests. Anyone who attempted to attend the originally-scheduled March 5, 2019 event—for which formal notice was given—would have known the sale had been postponed by the sheriff. We deem it to be especially significant that Collas was able to file a timely motion to vacate the sale. He had the opportunity to redeem the house at that juncture but made no attempt to do so. Therefore, there is no prejudice.

Judge Koprowski considered all of these circumstances and concluded:

> So while I understand and I accept the fact that there was no notice, actual notice that was transmitted to Mr. Collas on March – as a result of the March 5th adjournment, I – under these circumstances where it's the sheriff who adjourned it, where Mr. Collas clearly knew about the 5th, could have known about the 12th, and it seems to me under these circumstances after two years of adjournments he is well aware of the system, well aware of how it works, well aware of what goes on. It seems to me that it's – it's inequitable for him to argue that he should be – that he should be given another opportunity because he didn't know about the 12th, when he knew about the 5th.

We agree. In <u>Deutsche Bank Trust Co. Americas v. Angeles</u>, we recognized that "in foreclosure matters, equity must be applied to plaintiffs as well as defendants." 428 N.J. Super. 315, 320 (App. Div. 2012). For ten years, Collas retained possession of the house without making a mortgage payment. He has submitted no proof that he has the financial ability to purchase or redeem the property. We also are mindful of the interests of the purchaser. The sheriff's sale served the interests of finality, and we are satisfied this protracted foreclosure litigation has run its course. We therefore conclude that Judge Koprowski did not abuse his discretion in denying defendant's motions. Any remaining arguments raised by Collas that we have not specifically addressed lack sufficient merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5669-18T2