**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3359-20

THE BANK OF NEW YORK
MELLON, f/k/a THE BANK OF
NEW YORK as trustee for the
benefit of the certificate holders of
the CWALT, INC.,
ALTERNATIVE LOAN TRUST
2004-12CB, MORTGAGE PASS
THROUGH CERTIFICATES,
SERIES 2004-12CB,

      Plaintiff-Respondent,

v.

DEBORAH J. COCCHI, his/her
heirs, devisees, and personal
representatives, and his, her, their
or any of their successors in
right, title and interest, and MR.
OR MRS. COCCHI, spouse or
civil partner of DEBORAH J.
COCCHI,

      Defendants-Appellants,

and

FIRST MUTUAL CORP.,
and STATE OF NEW JERSEY,

Defendants.

_____

Submitted May 25, 2022 – Decided July 28, 2022

Before Judges Whipple and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-031338-16.

Joshua L. Thomas, attorney for appellants.

Ujala Aftab (KML Law Group, PC), attorney for respondent.

PER CURIAM

In this residential foreclosure action, defendant Deborah J. Cocchi appeals from Chancery Division orders issued on June 28 and 29, 2021, denying her motions to set aside a sheriff's sale and vacate the writ for possession following an order for final judgment of foreclosure in favor of plaintiff, Bank of New York Mellon. After carefully reviewing the record in light of the arguments of the parties and governing legal principles, we affirm.

We presume the parties are familiar with the long and complex procedural history and facts relevant to this appeal, which we need only briefly summarize. On April 23, 2004, defendant executed a note in favor of Countrywide Home Loans, Inc., in the amount of $205,700. To secure repayment of the note, she

also executed a mortgage, which served as a lien against the real property, which was located on Zeliff Avenue in Little Falls (the Property).

On April 30, 2004, the loan was assigned from Countrywide Home Loans, Inc., to The Bank of New York Trustee under Pooling and Servicing Agreement 2004-12. On April 22, 2005, the assignment of the mortgage was recorded in the Office of the Clerk of Passaic County. On August 15, 2016, the loan was assigned to The Bank of New York Mellon (f/k/a the Bank of New York) as Trustee for the Benefit of the Certificate holders of the CWALT, Inc., Alternative Loan Trust 2004-12CB, Mortgage Pass Through Certificates, Series 2004-12CB. That assignment was also duly recorded in the Office of the Passaic County Clerk.

On December 1, 2013, defendant defaulted on the note and mortgage, and that default has not been cured. On November 21, 2016, plaintiff filed a complaint for foreclosure. Defendant filed a contesting answer and counterclaim on December 27, 2016.

Plaintiff's motion to dismiss defendant's counterclaim was granted on May 18, 2017. On July 14, 2017, plaintiff moved for summary judgment, which was granted against defendant on September 22, 2017. Defendant's motion to reconsider summary judgment was denied on January 2, 2018.

A-3359-20

Plaintiff subsequently filed for final judgment, which was entered on March 2, 2018. Also on that date, a writ of execution was issued directing that the Property be sold.

Defendant filed a motion to stay the re-scheduled sheriff's sale, which was granted on September 11, 2018. Defendant again filed a motion to stay the sheriff's sale, which was granted on October 2, 2018. On November 13, 2018, defendant filed a motion to stay the sheriff's sale, and an order staying the sheriff's sale was entered. Defendant filed another motion to stay the sheriff's sale, which was granted on December 4, 2018. On December 11, 2018, another application to stay the sheriff's sale was granted.

On February 5, 2019, a Chancery Division order was entered denying defendant's motion to stay the sheriff's sale. Defendant then filed an application for permission to file an emergent motion, which was denied. In all, the sheriff's sale was adjourned by court order five times. The sheriff's sale was finally held on February 5, 2019, at which the Property was sold to plaintiff for $258,637.66.

On February 15, 2019, defendant filed a motion to set aside the sheriff's sale, which was subsequently denied. A writ of possession was issued on April 27, 2020. On June 8, 2020, defendant filed a motion to set aside the sheriff's sale and vacate the writ of possession, which was denied on June 28, 2021.

4

On June 29, 2021, the Chancery Division judge convened a hearing to consider defendant's companion motions to set aside the foreclosure sale and vacate the writ of possession. At the conclusion of the hearing, the judge rendered an oral opinion. After acknowledging the governing legal principles, the trial court found no grounds or authority that would justify vacating the sheriff's sale, reasoning that plaintiff had established a prima facie case and proved standing and ownership of the note within its summary judgment motion papers. Specifically, the court found:

> Here defendant seeks to vacate the [s]heriff's sale because defendant argues that defendant had been working toward selling the home to—and this says "the township," but you are saying it's the State, not Little Falls. And although plaintiff was aware that discussions were ongoing for ten months, plaintiff still proceeded with the sale.
>
> Defendant argues that plaintiff made the closing of the sale impossible because plaintiff added substantially more fees than plaintiff was entitled to and but for the excess fees, the closing would have happened sooner. Essentially defendant argues that plaintiff failed to work with the defendant in good faith when they allowed the Sheriff's sale to proceed.
>
> The [c]ourt finds that this argument fails because plaintiff established a prima facie case and proved standing and ownership of the note within its summary judgment motion papers and an appeal was even filed.

5

Lastly, defendant argues that the plaintiff does not have ownership of the note and is not the proper party to proceeding in this case. According to Exhibit B, there was an e-mail exchange between defendant's attorney and the Plaintiff Bank in New York Mellon. It states that the Bank of New York Mellon is acting as the trustee for the Bank of America, however, defendant's argument also fails because it's permitted and does not interfere with standing.

Additionally, plaintiff properly points out that the defendant fails to set forth any grounds to vacate the sale. In fact, defendant fails to reply to plaintiff's opposition. Therefore, defendant does not meet the standard to vacate the sale and plaintiff is entitled to maintain the sale. For all those reasons, the motion will be denied.

The court thereupon denied defendant's motions. This appeal follows.

Plaintiff raises the following contentions for our consideration:

LEGAL ARGUMENT:

A.   THE TRIAL COURT ERRED DENYING THE MOTION TO RECONSIDER.

B.   FRAUD IN THE UNDERLYING CASE WAS RAMPANT AND IGNORED BY THE TRIAL COURT WHEN FINAL JUDGMENT WAS PERMITTED.

We begin our analysis by acknowledging the foundational legal principles governing this appeal. It is well-established that "a judge sitting in a court of equity has a broad range of discretion to fashion the appropriate remedy in order

6

to vindicate a wrong consistent with principles of fairness, justice, and the law." Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 514 (2019) (quoting Graziano v. Grant, 326 N.J. Super. 328, 342–43 (App. Div. 1999)). In Deutsche Bank Trust Co. Ams. v. Angeles, we recognized that "[i]n foreclosure matters, equity must be applied to plaintiffs as well as defendants." 428 N.J. Super. 315, 320 (App. Div. 2012).

Courts in this State have the authority to set aside a sheriff's sale "for fraud, accident, surprise, or mistake, irregularities in the conduct of the sale, or for other equitable considerations[.]" First Trust Nat. Ass'n v. Merola, 319 N.J. Super. 44, 50 (App. Div. 1999). Furthermore, "[t]he decision whether to grant [a motion to vacate a final judgment of foreclosure] is left to the sound discretion of the trial court[.]" U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (quoting Mancini v. EDS ex rel. N.J. Auto Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)).

Importantly for purposes of this appeal, the scope of appellate review of a trial court's decision to deny a motion to vacate a sheriff's sale is narrow. It has long been the law of New Jersey that an application to open, vacate, or otherwise set aside a foreclosure judgment, or proceedings subsequent thereto, is subject to an abuse of discretion standard of review. United States v. Scurry,

193 N.J. 492, 502 (2008) (citing Wiktorowicz v. Stesko, 134 N.J. Eq. 383, 386 (E. & A. 1944)). Accordingly, "[t]he trial court's determination . . . warrants substantial deference and should not be reversed unless it results in a clear abuse of discretion." Curcio, 444 N.J. Super. at 105 (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). "We must hew to that standard of review." Ibid. "[A]n abuse of discretion [occurs] when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Guillaume, 209 N.J. at 467 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)). Furthermore, the burden of proof to set aside a judicial sale rests with the objector. East Jersey Sav. & Loan Ass'n v. Shatto, 226 N.J. Super. 473, 476 (Ch. Div. 1987). "The power to set aside a foreclosure sale is to be exercised with great care and only when necessary for compelling reasons." Ibid.

We add that a plaintiff need only present three elements to establish a prima facie right to foreclose: "the execution, recording, and non-payment of the mortgage." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). Accordingly, the defenses to a foreclosure action are narrow and limited. The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of indebtedness, and the right of the mortgagee to

foreclose on the mortgaged property. <u>Great Falls Bank v. Pardo</u>, 263 N.J. Super. 388, 394 (Ch. Div. 1993).

Applying the foregoing legal principles to the matter before us, our substantive analysis does not require extensive discussion. The loan has been in default for almost eight years, and the foreclosure complaint was filed over five years ago. By our reckoning, the Chancery court stayed the sheriff's sale five times. Defendant claims that a deal with the township of Little Falls was close, but we are satisfied that she was afforded more than a reasonable amount of time to pursue that option. We likewise reject defendant's claim of fraud by plaintiff, her contention that there are issues with the underlying Note, and that the amount owed at final judgment was incorrect. We emphasize that this appeal is from the order denying the motion to set aside the sheriff's sale and vacate the writ of possession, and not an appeal from the final judgment of foreclosure, the time for which has long passed.

In sum, the trial court did not abuse its discretion in concluding that defendant failed to meet the standard to set aside the sale and vacate the writ of possession. There comes a point when hard-fought litigation must end. We have reached that point.

9

Any remaining arguments raised by defendant that we have not specifically addressed lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3359-20