┌─────────────────────────────────────────────────────────────┐
**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.
└─────────────────────────────────────────────────────────────┘

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1722-22

THE BANK OF NEW YORK
MELLON, f/k/a THE BANK OF
NEW YORK AS TRUSTEE FOR
THE BENEFIT OF THE
CERTIFICATE HOLDERS OF THE
CWALT, INC., ALTERNATIVE
LOAN TRUST 2004-12CB,
MORTGAGE PASS THROUGH
CERTIFICATES, SERIES 2004-12CB,

 Plaintiff-Respondent,

v.

DEBORAH J. COCCHI,

 Defendant-Appellant,

and

FIRST MUTUAL CORP. and
STATE OF NEW JERSEY,

 Defendants.

_____

Submitted May 28, 2025 – Decided July 25, 2025

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-031338-16.

Deborah J. Cocchi, appellant pro se.

KML Law Group, PC, attorneys for respondent (J. Eric Kishbaugh, on the brief).

PER CURIAM

This residential mortgage foreclosure matter returns to us after we previously denied the relief sought by defendant Deborah J. Cocchi. Bank of New York Mellon v. Cocchi, No. A-3359-20 (App. Div. Jul. 28, 2022). She now appeals a January 6, 2023 Chancery Division order denying her motion for reconsideration of the court's December 2, 2022 order denying her motion to vacate final judgment, enter summary judgment, and set aside the sheriff's sale. Defendant argues the chancery court disregarded her contention that the note accompanying the underlying mortgage was fraudulently amended along with other claims of bad faith and unclean hands by plaintiff Bank of New York Mellon. After reviewing the record in view of the parties' arguments and governing legal principles, we affirm.

I.

We presume the parties are familiar with the pertinent facts and procedural history of this protracted litigation, which are recounted at length in our prior

A-1722-22

opinion. We held that the trial court "did not abuse its discretion in concluding that defendant failed to meet the standard to set aside the sale and vacate the writ of possession. There comes a point when hard-fought litigation must end. We have reached that point." Id. at 9.

Notwithstanding our admonition, on November 8, 2022, defendant filed a new motion to set aside the sheriff's sale and dismiss the foreclosure action. On December 2, the chancery court denied defendant's latest motion to vacate judgment, explaining:

> The [m]otion . . . to vacate must be brought within a reasonable time. Here this [m]otion is brought long after repeated [m]otion practice and appellate practice in this case.
>
> Summary [j]udgment was entered in this case on September 22 . . . [,] 2017. The grounds that are currently raised[,] counsel asserts[,] are being raised on grounds . . . that were non-existent then. And while I understand that argument[,] the case is over. There's not a valid basis as I see it to set aside the [j]udgment . . . .

Defendant then moved for reconsideration of the December 2, 2022 order. She argued plaintiff lacked standing, there was no subject matter jurisdiction, and that the assignment of the note to plaintiff was "void." Defendant also argued that the chain of title was fraudulent and that plaintiff has not produced an original note. After explaining the standard of review for motions to

3

reconsider under Rule 4:49-2, the chancery court denied defendant's motion, finding defendant made no new arguments that the court had failed to consider.

This appeal followed. To ensure that we accurately summarize the issues defendant raises for our consideration in this latest appeal, we reproduce the point headings from her appeal brief:

> POINT I
>
> THE [CHANCERY] COURT ERRED [IN] DENYING THE MOTION TO SET ASIDE AND LETTING [DEFENDANT] GET EVICTED IN LIGHT OF THE CLEAR FACTS AND CASE LAW THAT SHOULD HAVE PREVENTED THIS
>
> POINT II
>
> FRAUD IN THE UNDERLYING CASE WAS RAMPANT AND IGNORED BY THE [CHANCERY] COURT WHEN FINAL JUDGMENT WAS PERMITTED TO REMAIN AND NOT SET ASIDE THE SALE

In her reply-brief, defendant further argues:

> POINT I
>
> THE [CHANCERY] COURT "WRONGFULLY" CONCLUDED THAT [DEFENDANT] FAILED TO MEET ANY STADNARD REQUIRED TO VACATE FINAL JUDGMENT R. 4[:]50-1(c)[;] R. 4:50-1(f) [(]other[)]
>
> POINT II
>
> THE [CHANCERY] COURT "WRONGFULLY" CONCLUDED THAT [DEFENDANT] FAILED TO

4

MEET ANY STANDARD REQUIRED TO SET
ASIDE SHERRIF SALE

## II.

The scope of our review is limited. We review a trial court's denial of a motion for reconsideration under the abuse of discretion standard. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). Reconsideration is only appropriate in "that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Triffin v. SHS Group, LLC, 466 N.J. Super. 460, 466 (App. Div. 2021) (alterations in original) (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)). A motion for "[r]econsideration cannot be used to expand the record and reargue a motion." Cap. Fin. Co. of Del. Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

Likewise, "an application to open, vacate or otherwise set aside a foreclosure judgment or proceedings subsequent thereto is subject to an abuse of discretion standard." United States v. Scurry, 193 N.J. 492, 502 (2008) (citing Wiktorowicz v. Stesko, 134 N.J. Eq. 383, 386 (E. & A. 1944)). Accordingly, "[t]he trial court's determination . . . warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." U.S. Bank Nat'l

Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (omission in original) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)).  We "find[ ] an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on impermissible bias.'"  Guillaume, 209 N.J. at 467 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Rule 4:50-1 lays out the grounds for a motion for relief from a judgment or order, which states that:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons:  (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

Rule 4:50-1(f) is a "catch-all" provision in which "[n]o categorization can be made of the situations" that fall under the Rule.  DEG, LLC v. Twp. of

6

Fairfield, 198 N.J. 242, 269-70 (2009) (quoting Ct. Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). It allows for relief in "exceptional situations" where hardship has been shown and, as such, its "boundaries are as expansive as the need to achieve equity and justice." Id. at 270 (quoting Perillo, 48 N.J. at 341); see also Guillaume, 209 N.J. at 484 (finding that a party must demonstrate exceptional circumstances to obtain relief under Rule 4:50-1(f)). We have further recognized "important factors" to be considered in deciding whether relief in such circumstances should be granted, including "(1) the extent of the delay in making the application; (2) the underlying reason or cause; (3) the fault or blamelessness of the litigant; and (4) the prejudice that would accrue to the other party." Parker v. Marcus, 281 N.J. Super. 589, 593 (App. Div. 1995) (citing Jansson v. Fairleigh Dickinson Univ., 198 N.J. Super. 190, 195 (1955)).

Moreover, Rule 4:50-2 specifies that "[t]he motion shall be made within a reasonable time, and for reasons (a), (b) and (c) of R[ule] 4:50-1 not more than one year after the judgment, order or proceeding was entered or taken." See also Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super. 315, 319 (App. Div. 2012).

7

### III.

We next apply these general principles to the matter before us. As the chancery court aptly stated in both its underlying motion opinion and on reconsideration, the fraud-related issues defendant raises in this latest appeal have been brought up in plaintiff's prior filings and motions. They all failed. We emphasize this is not a case where defendant was unaware of the pending proceedings, of a request to enter default, of an amended judgment, or of a writ of execution. See also Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 296 (App. Div. 2021). Defendant has had ample opportunity to present evidence to support her fraud claims. Defendant has provided no new evidence since our prior opinion to justify a different result. Now, as before, her fraud claims lack support in the voluminous record. In sum, trial and appellate courts considered defendant's persistent allegations of fraud over the years and found them to be unsubstantiated.

### IV.

Nor are we persuaded by defendant's arguments challenging the chancery court's denial of her motion to set aside the sheriff's sale on reconsideration. Along with the allegations of fraud, defendant argues the original note was not

provided, see Rule 4:64-2(a), violating the New Jersey Fair Foreclosure Act (FFA).

Courts have the authority to "set aside a sheriff's sale for fraud, accident, surprise, or mistake, irregularities in the conduct of the sale, or for other equitable considerations." First Tr. Nat'l Ass'n v. Merola, 319 N.J. Super. 44, 50 (App. Div. 1999) (citing Karel v. Davis, 122 N.J. Eq. 526, 528 (E. & A. 1937)). We emphasize that, "[i]n foreclosure matters, equity must be applied to plaintiffs as well as defendants." Deutsche Bank Tr. Co. Ams., 428 N.J. Super. at 320. "The power to set aside a foreclosure sale is to be exercised with great care and only when necessary for compelling reasons." East Jersey Sav. & Loan Ass'n v. Shatto, 226 N.J. Super. 473, 476 (Ch. Div. 1987).

We conclude the chancery court's denial on reconsideration was proper. To the extent we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1722-22